# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

AZKI SHAH and LENORA FRANKLIN-WELLS            PLAINTIFFS

V.            NO. 4:16-CV-204-DMB-JMV

MONEYGRAM PAYMENT SYSTEMS, INC.            DEFENDANT

## ORDER DENYING REMAND

Before the Court is Azki Shah and Lenora Franklin-Wells' motion to remand. Doc. #7.

## I
## Procedural History

On September 12, 2016, Azki Shah and Lenora Franklin-Wells filed a complaint in the Circuit Court of Coahoma County, Mississippi, against MoneyGram Payment Systems, Inc., alleging that MoneyGram failed to transfer $1,600 in funds from Shah to Franklin-Wells, as directed by Shah. Doc. #2 at ¶ II. In the complaint, the plaintiffs:

> pray[] for a judgment against Defendant for general damages for severe emotional distress and mental suffering in the sum of $100,000.00; and for breach of contract in the sum of $1600.00; court costs, interest of 8% per annum on said $1600.00; and attorney's fees; and $1,000,000.00 in punitive damages, and for such other and further relief as the court may deem proper.

*Id.* at 5.

On October 6, 2016, MoneyGram filed a notice of removal in this Court alleging diversity jurisdiction under 28 U.S.C. § 1332. Doc. #1. Approximately two weeks later, on October 19, 2016, the plaintiffs filed "Plaintiff's [sic] Answer to Notice of Removal." Doc. #6. In the "Answer," the plaintiffs admit that complete diversity exists but deny the amount in controversy exceeds the jurisdictional threshold. *Compare* Doc. #6 at ¶¶ II, VI *with* Doc. #1 at ¶¶ 2, 6.

On October 20, 2016, Shah and Franklin-Wells moved to remand this action to state court on the ground that the amount in controversy is less than $75,000. Doc. #7 at 1. MoneyGram responded on October 28, 2016. Doc. #9. The plaintiffs did not reply.

## II
## Standard of Review

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Where, as here, multiple plaintiffs assert claims against a single defendant, "[t]he general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). However, aggregation "of damages allegedly owed to separate plaintiffs … may be permitted in the limited situation where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id.* (internal quotation marks omitted).

## III
## Analysis

Diversity jurisdiction requires that there be: (1) complete diversity between the parties;

and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). There is no dispute that the parties in this action are completely diverse. Rather, the only question is whether the requisite amount in controversy has been met.

For diversity jurisdiction to exist, the "matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). MoneyGram argues that the amount in controversy requirement is met because "it was (and is) facially apparent from the complaint, at the time of removal, that the amount in controversy greatly exceeds $75,000, exclusive of interests and costs." Doc. #10 at 1. Specifically, MoneyGram points to the complaint's demand for $100,000 for emotional distress, $1,600 for theft, and $1,000,000 in punitive damages. *Id*. at 2.

When "the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount," the amount in controversy is satisfied unless the plaintiff can show to a "legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Because the complaint on its face claims $1,101,600 in damages, far more than the jurisdictional threshold, remand must be denied unless the plaintiffs can show, to a legal certainty, that their damages claimed are below $75,000. *Id*.

In seeking remand, the plaintiffs argue only that the amount in controversy is limited to $1,632.00 in "stole[n]" money, $160.00 in filing fees, and $35.00 in filing fees.[1] Doc. #7 at 2. However, punitive damages and emotional distress damages, which are also asserted in the complaint, generally should be included in calculating the amount in controversy. *See Allen*, 63

---

[1] The plaintiffs also include a block quote of out-of-circuit authority setting forth the standard for determining the amount in controversy. Doc. #7 at 1.

F.3d at 1333–34 (punitive damages included in amount in controversy calculation); *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (considering emotional distress and mental anguish in amount in controversy inquiry). When punitive damages would be allowed under Mississippi law, "the amount of such an alleged award is counted against each plaintiff's required jurisdictional amount." *Allen*, 63 F.3d at 1335.

Generally, under Mississippi law, "[t]o receive an award of punitive damages, a claimant must prove by clear and convincing evidence that the defendant acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." *Union Carbide Corp. v. Nix, Jr.*, 142 So.3d 374, 390 (Miss. 2014) (quotation marks and alterations omitted). "In a breach of contract case, the plaintiff must prove that the breach was the result of an intentional wrong or that a defendant acted maliciously or with reckless disregard of the plaintiff's rights." *T.C.B. Const. Co., Inc. v. W.C. Fore Trucking, Inc.*, 134 So.3d 701, 704 (Miss. 2013) (quotation marks omitted). While punitive damages may be limited by the sum of actual damages alleged,[2] the Mississippi Supreme Court has "upheld punitive damage awards equaling 150 times and 43 times the amount of actual damages." *Miss. Power & Light Co. v. Cook*, 832 So.2d 474, 488–89 (Miss. 2002) (Diaz, J., dissenting) (collecting cases).

Here, the plaintiffs allege in their complaint that MoneyGram's acts were "wanton, willful, intentional, and evident of theft …." Doc. #2 at 4–5. The plaintiffs have demanded $100,000 in emotional damages based on the alleged suffering of Franklin-Wells caused by MoneyGram's conduct. Based on this demand, the $1,000,000 demanded in punitive damages is not unreasonable and may be considered for the purpose of determining the amount in

---

[2] *See BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 574–75, 580–82 (1996) (rejecting as unconstitutional punitive damages award five hundred times amount of actual damages).

4

controversy for both plaintiffs. *See generally State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process ...."). Thus, the punitive damage claim satisfies the amount in controversy requirement for both plaintiffs.

Finally, to the extent the plaintiffs' motion may be deemed an attempt to alter the amount-in-controversy, such attempt must fail. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Accordingly, the plaintiffs have failed to demonstrate to a legal certainty that the damages they seek are below the jurisdictional threshold, and the motion to remand must be denied.

## IV
## Conclusion

For the reasons above, the plaintiffs' motion to remand [7] is **DENIED**.

**SO ORDERED**, this 19th day of September, 2017.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
